IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRETT PERLOFF, | : | CIVIL ACTION |
| Plaintiff | : | NO. 10-1758 |
| | : | |
| v. | : | |
| | : | |
| DAVID STEIN, et al., | : | |
| Defendants | : | |
| | : | |

**Memorandum Opinion and Order**

**RUFE, J.**                                                                                                          **February 23, 2011**

The claims in this case arise from a business dispute between Plaintiff Brett Perloff and defendants David Stein, Sean Stein,[1] and Scott Stein. The four men together invested in a new venture, 1904 Chestnut Enterprises, Inc., and opened a restaurant and lounge called Pearl in Philadelphia, Pennsylvania. Mr. Perloff had a twenty-five percent interest in the restaurant. On August 22, 2008, Plaintiff received letters terminating his active involvement in Pearl and prohibiting him from entering the premises. Plaintiff filed a Complaint in this Court, alleging violations of state and federal law, and later amended that Complaint. Currently before the Court are Defendants' Motions to Dismiss the First Amended Complaint.

Jurisdiction in this case is based upon Plaintiff's claim that Defendants violated the Federal Stored Communications Act (18 U.S.C. § 2701 et seq.) (Count II). The other counts in Perloff's Amended Complaint are state law claims for: Defamation and Slander (Count I),

---

[1] Defendant Sean Stein filed a Suggestion of Bankruptcy, and this matter was stayed as to him only by Order dated September 10, 2010. By letter dated January 10, 2011, the Court was informed that a discharge of Sean Stein would be "shortly forthcoming." At this time, however, the case remains stayed as to Sean Stein.

1

Invasion of Privacy (Count III), Breach of Contract (Count IV), Conversion (Count V), Unjust Enrichment (Count VI), Fraud (Count VII), Violation of the Pennsylvania Wage and Payment Collection Law (Count VIII), Violation of the Business Corporation Law (Count IX), Alter Ego Liability (Count X), and Malicious Prosecution (Count XI).  Because the state law claims predominate over the federal claim, and because the facts needed to prove the federal claim are narrow and unique to that claim and the invasion of privacy claim (Count III), the Court will retain jurisdiction over the federal claim and the related invasion of privacy claim, and decline to exercise supplemental jurisdiction over the remaining state law claims, as permitted under 28 U.S.C. § 1367(c)(2).  Accordingly, the remainder of this opinion will address the Parties' motions to dismiss Counts II and III only.  The remaining counts will be dismissed without prejudice so that Plaintiff may re-file them in state court.

**Factual Background Relevant to Counts II and III**

Plaintiff alleges that he invested significant personal capital ($250,000) in Pearl and had a twenty-five percent interest in the business.  Plaintiff also exercised active roles in the business, one of which was to manage Pearl's website and the four business partners' e-mail addresses, through an account at GoDaddy.com registered in Perloff's name.[2]  Between June 2008 and September 2008, Plaintiff alleges that David Stein, Sean Stein, and Scott Stein intentionally went into his email account (brett@pearlphilly.com) and the GoDaddy.com account, reset his passwords, and locked him out of his digital property.[3]  He also alleges that David Stein's and

---

[2] Plaintiff alleges that "while Pearl was operating, Plaintiff owned the URL and the email addresses associated with it, and [granted] access to these resources, which were required to operate Pearl, to Defendants David Stein, Sean Stein, [and] Scott Stein."  Amended Complaint, ¶ 54.

[3] On August 22, 2008, his active role in the business was terminated by letters from his partners.

Scott Stein's wives, Defendants Beth Stein and Mindi Stein, respectively, were privy to his e-mail account and GoDaddy.com account through marital confidential communications. He further alleges that the Defendants made "incorrect assumptions based on reviewing personal email information without consent."[4]

**Standard of Review**

Dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted is appropriate where a plaintiff's "plain statement" does not possess enough substance to show that plaintiff is entitled to relief.[5] In determining whether a motion to dismiss is appropriate the court must consider those facts alleged in the complaint, accepting the allegations as true and drawing all logical inferences in favor of the non-moving party.[6] Courts are not bound to accept as true legal conclusions couched as factual allegations.[7] Something more than a mere *possibility* of a claim must be alleged; the plaintiff must allege "enough facts to state a claim for relief that is plausible on its face."[8] The Complaint must set forth direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory.[9] The court has no duty to "conjure

---

[4] Am. Comp., ¶ 57.

[5] Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007).

[6] ALA v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994); Fay v. Muhlenberg Coll., No. 07-4516, 2008 WL 205227, at *2 (E.D. Pa. Jan. 24, 2008).

[7] Twombly, 550 U.S. at 555, 564.

[8] Id. at 570.

[9] Id. at 562.

3

up unpleaded facts that might turn a frivolous action. . . into a substantial one."[10]

**Discussion**

Federal Stored Communications Act

The Federal Stored Communications Act creates civil liability for one who "1) intentionally accesses without authorization a facility through which an electronic communication service is provided, or 2) intentionally exceeds an authorization to access that facility; and thereby obtains, alters, or prevents authorized access to a wire or electronic communication while it is in electronic storage in such a system."[11]

In this case, the Amended Complaint alleges that Defendants David, Scott and Sean Stein, intentionally and without authorization or consent, accessed Plaintiff's email and GoDaddy.com account. It is further alleged that they altered the accounts to prevent Plaintiff's authorized access to these accounts. Defendants allegedly prevented Plaintiff's authorized access to his e-mail account by resetting his password approximately ten times between June and September 2008, and also "converted" his personal GoDaddy.com account and permanently locked him out of it. As noted above, Plaintiff alleges that he personally "owned" the domain name and URL for the restaurant's website (pearlphilly.com), as well as the e-mail addresses for himself and each of the co-owners of Pearl (brett@pearlphilly.com, david@pearlphilly.com, etc.). For the purpose of this Motion, the Court infers Plaintiff's ongoing authorization to control and access the accounts at issue from the allegation that Plaintiff personally owned these accounts. In light of the facts alleged, the Court finds that Count II is adequately pled and states

---

[10] Id. at 562 (citing McGregor v. Indus. Excess Landfill, Inc., 856 F.2d. 39, 42-43 (6th Cir. 1988).

[11] 18 U.S.C. § 2701(a).

4

a claim on which relief can be granted. Therefore, Count II survives the motion to dismiss as to David and Scott Stein.[12]

His Federal Stored Communications Act claims against Defendants Beth and Mindi Stein, however, are not adequately pled. He does not allege that either woman intentionally accessed his stored electronic communications; he alleges only that the contents were disclosed to them by their husbands "through marital confidential communications." The Act prohibits only unauthorized <u>accessing</u> of stored electronic communications. Section 2701 does not proscribe unauthorized use or disclosure of that communication, even if obtained by unauthorized access.[13] Even assuming that Scott and David Stein passed any information obtained from his electronic files along to their wives (and there are no facts alleged to support this assumption), neither the disclosure nor the receipt of that information is illegal under the Act.

<u>Invasion of Privacy</u>

To state a claim for unreasonable intrusion upon the seclusion of another (the only invasion of privacy tort applicable to the facts alleged in the Amended Complaint), one must allege: 1) an intentional intrusion; 2) upon private concerns; 3) which was substantial and would be highly offensive to a reasonable person; and 4) which caused mental suffering, shame, or humiliation.[14] Plaintiff's complaint does allege an intentional intrusion upon his electronic

---

[12] The Court declines to issue a ruling as to Sean Stein while the case pending against him is stayed.

[13] <u>Wesley College v. Pitts</u>, 974 F. Supp. 375, 389 (D. Del. 1997), <u>aff'd</u> 172 F.3d 861 (3d Cir. 1998) (a person who does not provide an electronic communication service can disclose or use with impunity the contents of an electronic communication unlawfully obtained from electronic storage).

[14] <u>McGuire v. Shubert</u>, 722 A.2d 1087, 1092 (Pa. Super. 1998).

5

accounts, supported by his allegations that his access to those accounts was blocked. However, his complaint does not allege sufficient facts to support a claim that Defendants intruded upon his "private concerns" by accessing the *content* of his email or other accounts. He only asserts, without supporting facts, that Defendants made "incorrect assumptions based on reviewing personal email information without consent." As to the third element, he merely restates the standard and adds the conclusion that "email and web accounts are a highly private item and are always kept private from others." And finally, he does not set forth any facts showing that he experienced mental suffering, shame or humiliation as a result of the Defendants' intrusion into his e-mail and GoDaddy.com account. Accordingly, the claim for invasion of privacy will be dismissed for failure to state a claim.

**Conclusion**

Defendant Beth Stein's Motion to Dismiss is granted in its entirety as Plaintiff has failed to state a claim under the Federal Stored Communications Act or for invasion of privacy against her, and the Court declines supplemental jurisdiction over all other claims. The remaining Defendants' Motion to Dismiss Plaintiff's Federal Stored Communications Act (Count II) is granted as to Mindi Stein and denied as to David Stein, Scott Stein, and 1904 Chestnut Street Enterprises, Inc. The Motion to Dismiss is granted as to the invasion of privacy claim (Count III) against Mindi Stein, David Stein, Scott Stein, and 1904 Chestnut Street Enterprises, Inc. The Court declines supplemental jurisdiction over all other claims against moving defendants.